UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - -x

Zaroh & Aline
Tjeknavorian

              **Plaintiff,**

          **- against -**

Shant Mardirossian &
Acorne Productions, LLC

           **Defendant(s).**

- - - - - - - - - - - - - - - - - - - - - - - - - - -x

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED:  9/22/14
```

**SCHEDULING ORDER**

14 Civ. 5723 (SAS)
**Conference Date:**

       WHEREAS, the Court issued an Order for a Conference in accordance with Fed. R. Civ. P. 16(b) on September 22nd 2014 (the "Order); and

       WHEREAS, the Order requires that the parties jointly prepare and sign a proposed scheduling order containing certain information;

       NOW, THEREFORE, the parties hereby submit the following information as required by the Order:

(1)    the date of the conference and the appearances for the parties; September 22, 2014 Jeffrey Hogan (Barnes & Thornburg) Taline Sahakian (Constantine Cannon) Philip Smaylovsky and Shasha Zhou (Orrick) for Plaintiffs for Defendants Shant Mardirossian and Acorne Production

(2)    a concise statement of the issues as they then appear;

      Refer to Appendix A

(3)    a schedule including:

    (a) the names of persons to be deposed and a schedule of planned depositions;

      Refer to Appendix A

    (b) a schedule for the production of documents;

      See Appendix A

    (c) dates by which (i) each expert's reports will be supplied to the adverse side and (ii) each expert's deposition will be completed;

      See Appendix A

    (d) time when discovery is to be completed;

      See Appendix A

(e) the date by which plaintiff will supply its pre-trial order matters to defendant;

*June 1, 2015*

(f) the date by which the parties will submit a pre-trial order in a form conforming with the Court's instructions together with trial briefs and either (1) proposed findings of fact and conclusions of law for a non-jury trial, or (2) proposed voir dire questions and proposed jury instructions, for a jury trial; and

*June 1, 2015*

(g) a space for the date for a final pre-trial conference pursuant to Fed. R. Civ. P. 16(d), to be filled in by the Court at the conference.

*~~June 15, 2015~~ Jan 16, 2015 at 4:30* (leave blank)

(4) a statement of any limitations to be placed on discovery, including any protective or confidentiality orders;

*See Appendix A*

(5) a statement of those discovery issues, if any, on which counsel, after a good faith effort, were unable to reach an agreement;

*See Appendix A*

(6) anticipated fields of expert testimony, if any;

*Film production*

(7) anticipated length of trial and whether to court or jury;

*3 - 5 days*

(8) a statement that the Scheduling Order may be altered or amended only on a showing of good cause not foreseeable at the time of the conference of when justice so requires;

(9) names, addresses, phone numbers and signatures of counsel;

*See Appendix A*

*Philipp Smaylovsky
Orrick Herrington
and Sutcliffe LLP*

SO ORDERED:

SHIRA A. SCHEINDLIN
U.S.D.J.          9/22/14

*Jeffrey C. Morgan
Barnes & Thornburg LLP
For Defendants*

INDEX NO. 502190/2014

NYSCEF DOC. NO. 42 RECEIVED NYSCEF: 09/08/2014

## COMMERCIAL DIVISION
## PRELIMINARY CONFERENCE ORDER
## PURSUANT TO PART 202 OF THE UNIFORM CIVIL RULES
## FOR THE SUPREME COURT KINGS COUNTY

Date Sept 5 2014

ACORNE PRODUCTIONS, LLC and
SHANT MARDIROSSIAN

               Plaintiff(s)

Index # 502190/2014 (E)

    -against-

ZAREH TJEKNAVORIAN
ALINA TJEKNAVORIAN

               Defendant(s)

Plaintiff  Acorne Productions and Shant Mardirossian are  is represented by

Firm:  Constantine Cannon LLP

Responsible attorney:  Taline Sahakian

Address:  335 Madison Avenue, 9th Floor

E-mail:  tsahakian@constantinecannon.com

Telephone:  212-350-2700      Fax:      212-350-2701

Defendant Zareh Tjeknavorian  is represented by

Firm: Orrick Herrington & Sutcliffe LLP

Responsible Attorney: Alex V. Chachkes / Philipp Smaylovsky

Address: 51 West 52nd Street, New York, NY 10019

E-mail: achachkes@orrick.com / psmaylovsky@orrick.com

Telephone: 212-506-5000      Fax:      212-506-5151

Defendant Alina Tjeknavorian  is represented by

Firm: Orrick Herrington & Sutcliffe LLP

Responsible Attorney: Alex V. Chachkes / Philipp Smaylovsky

Address: 51 West 52nd Street, New York, NY 10019

E-mail: achachkes@orrick.com / psmaylovsky@orrick.com

Telephone: 212-506-5000      Fax:      212-506-5151

I

Defendant_____is represented by

Firm:_____

Responsible Attorney:_____

Address:_____

E-mail:_____

Telephone:_____   Fax:   _____

**Nature of the Case:**
(a)   Plaintiff's Claims / Counterclaim Defenses

Business dispute related to failure by defendants to make a film after receiving over
$170,000 from Plaintiffs. Claims include Constructive Trust, Promissory Estoppel,
Quantum Meruit, Unjust Enrichment, Accounting, Breach of Contract and Injunctive Relief

Amount Demanded:  $ Over $170,000

(b)   Defendant Zareh Tjeknavorian   's Claims / Defenses
The dispute concerns an oral agreement in which Plaintiff Shant Mardirossian promised to make
monthly payments to the Defendants and cover expenses incurred for the production of a film. He
missed payments, and later repudiated the agreement.  Defendants assert a counterclaim for breach
of contract, and also seek a declaration that they are owners of all film materials and copyrights.
Amount Demanded:  $ 39,061 (collectively, for both defendants)

Defendant Alina Tjeknavorian   's Claims / Defenses

Defendants also assert that the federal Copyright Act bars Plaintiffs' claims to the film copyrights, an
issue that will be decided in a pending federal action.  Separately, Plaintiffs quasi-contract and
equitable claims are barred because the parties entered into an agreement governing their rights.

Amount Demanded:  $_____

Defendant _____'s Claims / Defenses

Amount Demanded:  $_____

Defendant _____'s Claims / Defenses

Amount Demanded:  $_____

2

**IT IS HEREBY ORDERED THAT THIS ACTION IS ASSIGNED TO THE**

_____**EXPEDITED**_____X_____**STANDARD** _____**COMPLEX TRACK**

**AND DISCLOSURE SHALL PROCEED AS FOLLOWS:**

**(1) BILL OF PARTICULARS** (See CPLR 3130(1)):
    (a) Demand for a bill of particulars shall be served by_____X_____on or
       before_____

    (b) Bill of Particulars shall be served by_____X_____on or
       before_____.

    (c) BILL OF PARTICULARS SERVED:

[ ] Satisfactory
[ ] Unsatisfactory - because:

_____

_____

**(2) DOCUMENT PRODUCTION/ DISCOVERY AND INSPECTION:**
    (a) All Demands for Discovery and Inspection (CPLR 3120) shall be served not
       later than_September 22, 2014___days from the date of this Order.

    (b) All responses to Discovery and Inspection demands shall be served not later
       than __20___days after receipt of the opposing party(ies) demand(s).

    (c) All demands for production of books, documents, records and other writings
       relevant to the issues in this case shall be deemed to include a demand for
       production of any photograph(s), audio tape(s), video tape(s), computer
       disk(s) or program(s) and e-mail.  The failure to comply herewith may result
       in preclusion from the introduction of such evidence.

**(3) INTERROGATORIES**: Limited to 25 questions per party
    (a) Interrogatories shall be served by_both parties_____on or
       before_September 22, 2014__.
    (b) Answers to interrogatories shall be served by_both parties___on or

       before__20 days_____.

Requests for Admission shall be served on or before November 21, 2014.  There shall be a limit of 50
Requests for admission per side, with unlimited requests for authentication or docuents.

Responses to RFAs will be due within 20 days of service.

3

(4) **DEPOSITIONS**: To be held as follows:
  (Priority shall be in accordance with CPLR 3106 unless otherwise agreed or ordered)

| Party | Date | Time | Place |
|---|---|---|---|
| Shant Mardirossian | | | Orrick Herrington |
| Alina Tjeknavorian | | | Constantine Cannon |
| Zareh Tjeknavorian | | | Constantine Cannon |
| Experts (TBD) | | | |
| | | | |

FAILURE TO APPEAR FOR DEPOSITION AS SCHEDULED WILL BE DEEMED A WAIVER.
FAILURE TO PRODUCE A SPECIFIED WITNESS FOR DEPOSITION WILL PRECLUDE
SUCH WITNESS'S TESTIMONY AT TRIAL ON BEHALF OF THE PARTY  FAILING TO
PRODUCE.   SUCH PARTY MAY ALSO BE DEEMED TO HAVE WAIVED THE DEPOSITION
OF THE OPPOSING PARTY.

(5) **OTHER DISCLOSURE**:
  (a) Commissions or letter rogatory (CPLR 3108): Identify and set forth the

      location of each witness:
  Richard Hunter, Albuquerque

  (b) Expert disclosure (CPLR 3101[d])
Party bearing burden  Plaintiff(s) shall provide expert disclosure by___January 15, 2015
                      initial
          Party  Defendant(s) shall provide expert disclosure by___February 12, 2015
                      responsive

(6) **PRESERVATION OF ELECTRONIC EVIDENCE:**
  (a) The term ESI shall include, but not be limited to, e-mails and attachments,
voice mail, instant messaging and other electronic communications, word processing
documents, text files, hard drive spreadsheets, graphics, audio and video files,
databases, calendars, telephone logs, transaction logs, internet usage files, offline
storage or information stored on removable media, information contained on laptops or
other portable devices and network access information and backup materials, Native
Files and the corresponding Metadata which is ordinarily maintained.

  (b) Within 10 days of the execution of this PC Order, all signatories hereto shall,
in compliance with Rule 8(b) of the Uniform Commercial Division Rules (22 NYCRR
202.70), submit to the Court a copy of the agreed written plan/stipulation for the
preservation of ESI related documents, data and tangible things reasonably anticipated
to be subject to discovery in this action.  Such plan, which may be updated, shall
identify the categories of ESI to be preserved, individuals responsible for preservation,
maintenance and production of ESI and issues relating to potential costs of
maintenance, preservation and production of ESI.  In the alternative, counsel may
stipulate to limit and/or eliminate the discovery of ESI in whole or part and/or forego or

4

limit the production of information in electronic form. A copy of such stipulation must be submitted to the court within 10 days of this Order.

(c) For the relevant periods relating to the issues in this litigation, each party shall take all reasonable steps (including suspending aspects of ordinary computer processing and/or backup of data that may compromise or destroy ESI) necessary to maintain and preserve such ESI as may be (i) relevant to the parties' claims and/or defenses, or (ii) reasonably calculated to lead to the discovery of admissible evidence, including but not limited to all such ESI data generated by and/or stored on the party's computer system(s) and/or any computer system and storage media (i.e., internal and external hard drives, hard disks, floppy disks, memory sticks, flash drives and backup tapes), under the party's possession, custody and/or control. The failure to comply herewith may result in appropriate sanctions or such other relief as the court may be authorized to impose or award, including but not limited to precluding use of evidence, taking adverse inferences, and/or rendering judgment in whole or part against the offending party(ies).

(d) (i) When ESI is produced, it shall be produced on appropriate electronic media (i.e. CD, DVD or portable hard-drive) in the following format(s), as may be agreed:

_X_ Digital images endorsed with numbers and confidentiality legends, searchable text ~~and agreed-to metadata fields~~ with regard to the following data:
Electronic mail. Defendants' initial production did not contain metadata, but Defendants will make any future productions with agreed upon metadata fields. *Plaintiff requests metadata and reserves right to seek.*

___ Native Format with metadata intact and, as appropriate under the circumstances, endorsed with numbers and confidentiality legends with regard to the following data:

_____
_____

___ The following format, as agreed by the parties, with regard to the following data:

_____
_____

(ii) In the absence of an agreement by the parties, the court shall direct the manner of production upon application of the party(ies).

(e) Issues with regard to cost shifting shall be brought to the attention of the Court as soon as practicable.

## (7) **CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT:**

(a) In the event that there is a need for a Confidentiality/Non-Disclosure Agreement prior to disclosure, the party(ies) demanding same shall prepare and circulate the proposed agreement. If the party(ies) cannot agree as to same, they shall promptly notify the Court. The failure to promptly seek a confidentiality agreement may result in a waiver of same.

(b) Defendants Zareh and Alina Tjeknavorian_____ anticipates the need for a

Confidentiality Agreement as to the following issues: to protect the privacy of of third-party Armenian Genocide witnesses, survivors, and their descendants, who gave the Tjeknavorians access to private papers, and to protect materials authored by the Tjeknavorians from misuse by Plaintiffs. Plaintiffs have threatened to take these materials and others created and compiled by the Tjeknavorians and use them to make a competing film.

(8) **DISCOVERY - RELATED DISPUTES:**

Issues relating to disclosure shall be resolved between counsel without Court intervention whenever possible. If Court intervention becomes necessary, a conference call may be arranged with the Judge or Law Clerk pursuant to Kings County Commercial Division Rule 18 and must take place prior to any motions being made.

(9) **INSURANCE COVERAGE** (IF APPLICABLE):_____
_____
_____

(10) **IMPLEADER**: Shall be completed on or before_____

(11) **END DATE FOR ALL DISCLOSURE**: November 21, 2014   For Fact Discovery
                                            March 13, 2015     For Expert Discovery

(12) **ALTERNATIVE DISPUTE RESOLUTION:**
[X] Requested
[ ] Declined
_____
_____

(13) **COMPLIANCE CONFERENCE**: Shall be held on _November 7, 2014_____

(14) **NOTE OF ISSUE**: A note of issue/certificate of readiness shall be filed on or before_5/1/2015_. Failure to file a note of issue by this date may result in the dismissal of this action.

(15) **MOTIONS**: Any dispositive motion(s) shall be made returnable on or before_April 15, 2015

(16) **FINAL SETTLEMENT CONFERENCE**: A final settlement conference, at which the parties must be present, shall be held on May 1, 2015

**THE DATES SET FORTH HEREIN MAY NOT BE ADJOURNED OR MODIFIED EXCEPT WITH APPROVAL OF THE COURT.**

**IN THE EVENT OF NON-COMPLIANCE WITH THE TERMS OF THIS ORDER, COSTS OR OTHER SANCTIONS MAY BE IMPOSED, INCLUDING PRECLUSION OF EVIDENCE.**

**IF A SETTLEMENT IS REACHED, THE COURT SHALL BE PROMPTLY NOTIFIED AND A COURTESY COPY OF THE STIPULATION OF DISCONTINUANCE SHALL BE PROMPTLY FORWARDED TO THE COURT. PLAINTIFF IS RESPONSIBLE FOR FILING THE STIPULATION WITH THE COUNTY CLERK AND SHALL PAY THE FEES UNLESS OTHERWISE AGREED BETWEEN THE PARTIES AS PART OF**

6

**THE WRITTEN STIPULATION.**

**ADDITIONAL DIRECTIVES:**

1. Document productions on currently pending discovery requests shall be completed by
   August 29, 2014   · Film materials  2 weeks from conversion MAC to PC
   In the event that Plaintiffs' Motion for Preliminary Injunction is fully submitted, Defendants'

2. Opposition to Plaintiffs' Motion for Preliminary Injunction shall be filed by September 19,
   2014. Plaintiffs' Reply shall be filed by October 3, 2014

3. Document productions on all pending requests shall be completed by October 31, 2014

4. Fact discovery will be complete by November 21, 2014

5. Expert discovery will be complete by March 13, 2015
   The parties agree to a limit of 2 expert witnesses per side

**THE PARTIES HAVING APPEARED FOR A PRELIMINARY CONFERENCE ON
THIS DATE HAVE REVIEWED THE TERMS AND/OR CONDITIONS OF THIS
ORDER AND HEREBY AGREE TO SAME.**

ATTORNEY_____ FOR PLAINTIFF: Acorne Productions and Shant Mardirossian

ATTORNEY_____ FOR DEFENDANT: Zareh and Alina Tjeknavorian

ATTORNEY_____ FOR DEFENDANT:_____

ATTORNEY_____ FOR DEFENDANT:_____

ATTORNEY_____ FOR DEFENDANT:_____

ATTORNEY_____ FOR DEFENDANT:_____

SO ORDERED:
   Dated:___9/5/14___.   _____ J.S.C.

                        HON. LAWRENCE KNIPEL
                        SUPREME COURT JUSTICE

2014 SEP -8 AM 6:51

8